MATTER OF NG

Application for Classification as Refugee

A-12216472

*Decided by Regional Commissioner March 21, 1967*

Applicant, a native and citizen of China who in 1950 when 11 years of age fled
with his family from Communist China to Hong Kong where he resided with
them until he came to the United States as a student in 1962 when about 22
years of age, is ineligible for refugee classification under the proviso to section
203(a)(7), Immigration and Nationality Act, as amended, because he has
been firmly resettled in another country since his father, owner of an import-
export business in Hong Kong, has been firmly resettled there and applicant
prior to his entry into the United States was residing at home with his family
and thus was part of a family resettled in Hong Kong.

ON BEHALF OF APPLICANT: Samuel D. Meyers, Esquire
O'Hara & O'Hara Law Offices
33 South Clark Street
Chicago, Illinois 60603

This matter is before the Regional Commissioner for review on cer-
tification of the District Director's decision denying the application
for refugee classification under section 203(a)(7) of the Immigration
and Nationality Act, as amended. The application was filed in connec-
tion with an application for adjustment of status under section 245
of the Immigration and Nationality Act, as amended. The District
Director denied the application because it was determined that the
applicant was firmly resettled in Hong Kong prior to coming to the
United States as a student in January 1962.

The applicant is a 27-year-old citizen of China who was born in
Swatow, Kwangtung, China on December 23, 1939. He fled from
China in 1949 or 1950 with his father, mother, sister, and brother, after
the Communists occupied China. He has stated that his father was a
former Nationalist Government official. The applicant lived and went
to school in Hong Kong from about 1950 until January 1962 when he
came to the United States as a student.

In *Matter of Sun*, I.D. No. 1685, it was held that an alien who fled
from Communist China but thereafter became firmly resettled is ineli-

411

gible for classification under the proviso to section 203(a)(7). The only issue in this case is whether resettlement has been effected.

The applicant has a Hong Kong Certificate of Identity and a Hong Kong Identity Card. These documents, which may be used to return to Hong Kong, are not conclusive evidence of resettlement. However, he lived in that British colony from the age of about 11 years until he was about 22 years old. He was a student in high school and in a Bible Seminary while in Hong Kong. His father, who owns an import-export business in that Colony, is certainly resettled. The applicant's residence is imputed to his parents while a minor. While the applicant was living at home, his residence was in Hong Kong and it will have to be found that he was resettled in Hong Kong because he is a part of a family that resettled in Hong Kong prior to his coming to the United States. Therefore, the District Director's decision was proper.

*It is ordered* that the decision of the District Director be and the same is hereby affirmed.